J-S28016-19

2019 PA Super 242

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                     :   PENNSYLVANIA
                                     :

              v.                          :
                                     :
                                     :

KATRICE K. ST. ROSE                :
                                     :
              Appellant           :   No. 1270 MDA 2018

Appeal from the Judgment of Sentence Entered July 24, 2018
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0003747-2016

BEFORE: BOWES, J., McLAUGHLIN, J., and STRASSBURGER*, J.

OPINION BY McLAUGHLIN, J.:                **FILED AUGUST 14, 2019**

Katrice K. St. Rose appeals from the judgment of sentence following her jury trial conviction for obtaining public welfare funds by misrepresentation ("welfare fraud"), 62 P.S. § 481(a). St. Rose argues the trial court erred in instructing the jury as to the elements of the crime. We affirm.

The trial court set forth the following factual history:

> On December 17, 2012, [St. Rose] had a face-to-face appointment with a county benefits eligibility specialist in order to apply for childcare assistance. At that time, she received information on her rights and responsibilities. The information included notification concerning her duty to report changes in her circumstances. The specialist emphasized that this duty obligated [St. Rose] to report, among other things, any changes in her hours of employment or employment status. On January 2, 2013, [St. Rose's] childcare assistance was terminated because her status changed to unemployed.
>
> In September of 2013, [St. Rose] began working at MedStaffers as a Home Health Aide ["HHA"]. Her new employment allowed her to reapply for childcare assistance, which she did via a phone interview with the benefits

_____

* Retired Senior Judge assigned to the Superior Court.

eligibility specialist. Again, [St. Rose] was notified of her duty to report any changes in her employment. As part of the yearly benefits renewal process, the eligibility specialist contacted [St. Rose] to update her benefits application on January 2, 2014. During that recertification call, the specialist reviewed the questions on the application. She specifically asked [St. Rose] if the employment information was correct. [St. Rose] confirmed that she was still working at MedStaffers as an HHA. She also confirmed the daycare provider that she was using for her childcare. As a result of the information, the specialist found that [St. Rose] still qualified for childcare assistance.

[St. Rose] continued to receive the childcare assistance for her MedStaffers job until she filed to reopen her cash benefits through the County Assistance Office around June of 2014. At that time, the eligibility specialist realized that [St. Rose] was no longer working for her reported employer. When the specialist looked into [St. Rose's] employment records at MedStaffers, she learned that [St. Rose] had been terminated from her position with the company on October 25, 2013, months prior to the 2014 recertification.

At trial, the eligibility specialist testified about the benefits application process and her experiences with [St. Rose's] case. The human resources director from MedStaffers also testified and confirmed that [St. Rose] had been terminated from her employment on October 25, 2013. Additionally, the operator of the daycare that cared for [St. Rose's] children testified that [St. Rose] continued to use the daycare after October 25, 2013. He provided the daycare's invoices for [St. Rose's] three children from October 2013 through June 2014. He also testified that he had an independent recollection of [St. Rose's] children being at the daycare during that time.

Trial Court Opinion, filed Nov. 13, 2018, at 1-3 (footnotes and citations to record omitted).

St. Rose requested the following instruction as to the elements of welfare fraud:

> The defendant has been charged with welfare fraud. To find the defendant guilty of this offense, you must find that the following elements have been proven beyond a reasonable doubt:
>
> *First,* that the defendant made a false statement or misrepresentation [or withheld information][1],
>
> *Second,* that the information provided [or withheld] was material to that agency's determination in approving or disapproving a person for public assistance;
>
> and
>
> *Third,* that the defendant did so willfully — that is, knowingly and with the intent to defraud the public assistance agency.

Defendant's Proposed Jury Instructions, filed Mar. 22, 2018, at Exh. A.

The trial court denied the request and issued the following instruction:

> In order to find the Defendant guilty of this offense, the Commonwealth must prove the following three elements beyond a reasonable doubt. First, that she made a false statement or withheld information. Second, the false statement provided or information withheld was material to the agency's determination in approving or disapproving a person for public assistance. Three, the Defendant provided the false information or withheld the information willfully; i.e., she knew it was false at the time she made it or she knew the information withheld was material to the agency's determination of her eligibility for public assistance.

N.T., 3/22/18, at 118-119.

The jury found St. Rose guilty of welfare fraud. In July 2018, the trial court sentenced St. Rose to five years' probation. St. Rose filed a timely Notice of Appeal.

---

[1] The bracketed words were handwritten on the proposed instruction.

St. Rose raises the following issue: "Did the instruction given by the trial court to the jury regarding the charge of welfare fraud, 62 P.S. § 481, inaccurately state the law such that it was prejudicial to the outcome of trial?" St. Rose's Br. at 5.

We review a challenge to a trial court's decision as to jury instructions for an abuse of discretion or error of law. *Commonwealth v. Galvin*, 985 A.2d 783, 798-99 (Pa. 2009). "[Our] key inquiry is whether the instruction on a particular issue adequately, accurately and clearly presents the law to the jury, and is sufficient to guide the jury in its deliberations." *Commonwealth v. Cannavo*, 199 A.3d 1282, 1286 (Pa.Super. 2018) (quoting *Commonwealth v. Hamilton*, 766 A.2d 874, 878 (Pa.Super. 2001)) (alteration in original).

Welfare fraud is defined as:

> (a) Any person who, either prior to, or at the time of, or subsequent to the application for assistance, by means of a wilfully false statement or misrepresentation, or by impersonation or by wilfully failing to disclose a material fact regarding eligibility or other fraudulent means, secures, or attempts to secure, or aids or abets or attempts to aid or abet any person in securing assistance, or Federal food stamps, commits a crime which shall be graded as provided in subsection (b).

62 P.S. § 481(a). Under this statute, a person is guilty of welfare fraud if, (1) before, during, or after applying for assistance, (2) the person makes a willfully false statement or misrepresentation, uses impersonation, willfully fails to disclose a material fact regarding eligibility, or uses other fraudulent

means, and (3) the person secures or attempts to secure assistance, or aids, abets, or attempts to aid or abet any person in securing assistance.

The Human Services Code does not define "willfully." The Crimes Code defines "willfulness" as: "A requirement that an offense be committed willfully is satisfied if a person acts knowingly with respect to the material elements of the offense, unless a purpose to impose further requirements appears." 18 Pa.C.S.A. § 302(g). "Knowingly" is defined as:

> (2) A person acts knowingly with respect to a material element of an offense when:
>
> (i) if the element involves the nature of his conduct or the attendant circumstances, he is aware that his conduct is of that nature or that such circumstances exist; and
>
> (ii) if the element involves a result of his conduct, he is aware that it is practically certain that his conduct will cause such a result.

*Id.* at § 302(b)(2).

St. Rose contends that the trial court improperly instructed the jury by defining "willfully in a way that obscured the *mens rea* requirement that a defendant act with the object of committing a fraud." St. Rose's Br. at 14. She maintains the trial court failed to require that the jury find St. Rose willfully used fraudulent means to secure or attempt to secure assistance. St. Rose analogizes the welfare fraud statute to other statutes, such as insurance fraud and worker's compensation fraud, claiming that, similar to the other fraud statutes, the welfare fraud statute requires an intent to defraud. She concludes that the "jury should have been instructed that the Commonwealth

must prove beyond a reasonable doubt that [St. Rose] act[ed] willfully with the intent to defraud the government." *Id.* at 18.

St. Rose relies on two separate statutes—the insurance fraud statute and the worker's compensation fraud statute—arguing that because the standard instructions for crimes committed under those statutes state that the jury must find the defendant had an intent to defraud, a jury must also find the defendant had an intent to defraud to find a defendant guilty of welfare fraud.

The statute defining insurance fraud provides, in part:

A person commits an offense if the person does any of the following:

(1) *Knowingly and with the intent to defraud* a State or local government agency files, presents or causes to be filed with or presented to the government agency a document that contains false, incomplete or misleading information concerning any fact or thing material to the agency's determination in approving or disapproving a motor vehicle insurance rate filing, a motor vehicle insurance transaction or other motor vehicle insurance action which is required or filed in response to an agency's request.

18 Pa.C.S.A. § 4117(a)(1) (emphasis added). Similarly, the Worker's Compensation Statute provides that a person commits insurance fraud, in part, as follows:

A person, including, but not limited to, the employer, the employe, the health care provider, the attorney, the insurer, the State Workmen's Insurance Fund and self-insureds, commits an offense if the person does any of the following:

(1) *Knowingly and with the intent to defraud* a State or local government agency files, presents or causes to be filed with or presented to the government agency a document

that contains false, incomplete or misleading information concerning any fact or thing material to the agency's determination in approving or disapproving a workers' compensation insurance rate filing, a workers' compensation transaction or other workers' compensation insurance action which is required or filed in response to an agency's request.

77 P.S. § 1039.2(1) (emphasis added). The Standard Jury Instruction for both insurance fraud and worker's compensation fraud include that the Commonwealth must prove that "the defendant did so knowingly and with intent to defraud." Pa. SSJI (Crim) §§ 15.4117A, 15.4117B. For example, the standard instruction for insurance fraud includes:

> *First*, that the defendant presented or caused to be presented to a state or local government agency any document that contained false, incomplete, or misleading information;
>
> *Second*, that the information provided was material to that agency's determination in approving or disapproving a motor vehicle insurance rate filing, a motor vehicle insurance transaction, or other motor vehicle insurance action that is required or filed in response to an agency's request. Material information means information the agency would regularly rely on in making its official determinations or findings;
>
> *Third*, that the defendant did so knowingly and with the intent to defraud.

Pa. SSJI (Crim) § 15.4117(a)(1).

The trial court did not abuse its discretion when it instructed the jury as to the elements for welfare fraud. As required under the statute, the trial court instructed the jury that, to convict St. Rose, the jury had to conclude that the Commonwealth had established beyond a reasonable doubt that St. Rose made a false statement or withheld information; that the false statement

provided or information withheld was material to the agency's decision to approve or disapprove a request for public assistance; and that St. Rose "provided the false statement or withheld information willfully," that is, "she knew it was false at the time that she made it or she knew the information withheld was material to the agency's determination of her eligibility for public assistance." N.T., 3/22/18, at 118-19.; 62 P.S. § 481(a).

Unlike the statutes cited by St. Rose as statutes analogous to the welfare fraud statute, the welfare fraud statute does not include in the text of the statute that, to be convicted, a defendant had to act with an "intent to defraud." Rather, to sustain a conviction, the statute requires that (1) before, during, or after applying for assistance, (2) the person make a false statement or misrepresentation, use impersonation, willfully fail to disclose a material fact regarding eligibility, or use other fraudulent means, and (3) the person secure or attempt to secure assistance or aid, abet, or attempt to aid or abet any person in securing assistance. *See* 62 P.S. § 481(a). Here, the trial court accurately conveyed these requirements. It required that the jury find that the defendant made a false statement or failed to disclose information, that the false statement or withheld information was material, and that the defendant acted willfully, that is, knew the information was false or knew that the information withheld was material to the agency's determination as to eligibility for benefits.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 08/14/2019